# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHRISTOPHER ODOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 3:09-1941-PMD |
| v. ) | |
| ) | |
| FNU LNU Mt. Pleasant Police Department Insurance ) | |
| Policy Holder; ) | **ORDER** |
| FNU LNU Town Mt. Pleast Insurance Policy Holder; ) | |
| FNU LNU Wlamart Insurance Policy Holder; ) | |
| FNU LNU Charleston County Jail Insurance Policy Holder; ) | |
| State of South Carolina Insurance Policy Holder, FNU ) | |
| LNU; ) | |
| FNU LNU State of South Carolina Department of ) | |
| Corrections Insurance Policy Holder; ) | |
| FNU LNU Department of Correction of S.C. Mediacal ) | |
| Insurance Policy Holder; ) | |
| FNU LNU State of South Carolina Bar Association ) | |
| Insurance Policy Holder, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff Christopher Odom's ("Plaintiff") objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915 seeking monetary damages for "negligence/deliberate indifference/cruelty" on the part of the Mount Pleasant Police Department ("MPPD") for failing to record the dismissal of a warrant. Furthermore, Plaintiff alleges that the MPPD and the Charleston County Jail conspired with Walmart, after the charge was dropped. On September 28, 2009, the Magistrate Judge recommended that Plaintiff's claims be dismissed because Plaintiff presents substantially the same issues already dismissed in a previous action and because the claim is barred under the statute of limitations. Plaintiff filed a timely objection to the R&R. Having reviewed the entire record, including Plaintiff's objections, the court

finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**BACKGROUND**

In February 1998, Plaintiff was arrested for shoplifting in Mount Pleasant, South Carolina. He was originally issued a $509.00 citation for the shoplifting charge, which was apparently voided when prosecutors decided to seek a harsher sentence. In August 1998, Plaintiff was convicted of shoplifting charges and sentenced to nine years of incarceration. In April 2001, Plaintiff was paroled. However, shortly thereafter, Plaintiff was caught violating his parole and was once again incarcerated in September 2004 for the remainder of his nine year sentence. Plaintiff was released from custody on August 1, 2006 and is no longer incarcerated.

On July 24, 2008, Plaintiff filed a § 1983 claim asserting that the August 1998 trial and resulting conviction violated his constitutional rights. On July 31, 2008, the Magistrate Judge issued an R&R, recommending that the Court dismiss Plaintiff's complaint for relief under § 1983 because Plaintiff had provided no basis for jurisdiction and made no specific factual allegations in his complaint. The Magistrate Judge did so pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, which enables the Court to screen an action brought *in forma pauperis* and to dismiss such an action if it fails to state claim for relief. The Court adopted the full recommendation of the Magistrate Court and dismissed the Plaintiff's claim for relief under 42 U.S. § 1983. *See Odom v. Mt. Pleasant Municipal Court,* Civil Action No. 2:08-2660-PMD-JRM (D.S.C. 2008).

On July 21, 2009, Plaintiff commenced this action alleging claims essentially identical to the claims the Court previously dismissed in 2008. In the complaint, Plaintiff alleges that the MPPD was "negligence/deliberate indifference/cruelty" for failing to record the dismissal of a warrant.

Essentially, Plaintiff is arguing that Defendants should be held liable for the prosecutor's decision to seek a sentence harsher than the $509.00 citation originally issued for the February 1998 shoplifting charge. In addition, the Plaintiff further appears to allege that the Charleston County Jail, Walmart, and "the State of South Carolina Jury conspired with the [MPPD] after Plaintiff inform [sic] jury August 5, 1998 that this case #97417AQ had been handle [sic] in Municipal Court on Mt. Pleasant." Finally, Plaintiff alleges that while in the Charleston County Jail, "the Defendants beat and took paperwork from Plaintiff."

On September 28, 2009, the Magistrate Judge issued an R&R recommending that the Court dismiss the complaint because the complaint presents substantially the same issues discussed and dismissed of in *Odom v. Mt. Pleasant Municipal Court*, Civil Action No. 2:08-2660-PMD-JRM (D.S.C. 2008) and *Odom v. Mt. Pleasant Police Department et. al.*, Civil Action No. 3:05-2725-PMD (D.S.C. 2005), and because the claim is barred under the statute of limitations. Plaintiff filed timely objection on October 9, 2009.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with

instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Plaintiffs' complaint has been filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of the privilege of filing without prepayment of the fee, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted . . . is frivolous or malicious . . . [or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## **ANALYSIS**

On September 28, 2009, the Magistrate Judge issued an R&R recommending that the Court dismiss the complaint because the complaint presents substantially the same issues discussed and dismissed of in *Odom v. Mt. Pleasant Municipal Court*, Civil Action No. 2:08-2660-PMD-JRM

4

(D.S.C. 2008) and *Odom v. Mt. Pleasant Police Department et. al.*, Civil Action No. 3:05-2725-PMD (D.S.C. 2005), and because the claim is barred under the statute of limitations. Plaintiff filed timely objections on October 9, 2009. In objections one, two, and three, Plaintiff specifically objects to the R&R's failure to recommend service of process on Defendants and failure to allow Plaintiff to amend the complaint to include an alleged Eighth Amendment violation, as well as "slavery and defamation of character at the hands of the Defendant." In objection four, Plaintiff specifically objects to the Magistrate's finding that the statute of limitations bars this current action.

First, as to Plaintiff's allegations of "negligence/deliberate indifference/cruelty" on the part of the Mt. Pleasant Police Department (MPPD) apparently for failing to record the dismissal of a warrant, these allegations are duplicative of those made in two other recent cases by the Plaintiff: *Odom v. Mt. Pleasant Municipal Court,* Civil Action No. 2:08-2660-PMD-JRM (D.S.C. 2008) and *Odom v. Mt. Pleasant Police Department et. al.,* Civil Action No. 3:05-2725-PMD (D.S.C. 2005). This Court may take judicial notice of these prior civil actions. *See Littlejohn v. South Carolina,* No. C.A. 6:07-3560-RBH, 2007 WL 4376067, at *5-6 (D.S.C. Dec. 10, 2007) *(*citing *Aloe Labs., Inc. V. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the corn a second time. Once was sufficient.")). As a result, claims pertaining to "negligence/deliberate indifference/cruelty" on the part of the prospective Defendants are subject to summary dismissal.

Furthermore, South Carolina's general personal injury statute of limitations applies to Plaintiff's claim. *See Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985) (stating that in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). The South Carolina legislature has established a three-year statute of limitations period for causes of action

arising on or after April 5, 1988. S.C. Code Ann. § 15-3-530 (1988). Thus, the limitations period for Plaintiff to file this action expired three years after the events giving rise to this civil action took place. Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See, e.g. Am. Nat'l Bank v. FDIC,* 710 F.2d 1528, 1537 (11th Cir. 1983); *Jones v. Miles,* 625 F.2d 103, 107 n.7 (5th Cir., Unit B, 1981); *Funding Sys. Leasing Corp. v. Pugh*, 530 F.2d 91, 95 (5th Cir. 1976). However, a district court is authorized to anticipate clearly apparent affirmative defenses available to the Defendant(s) in determining whether process should be issued against the Defendant(s) pursuant to § 1915. *Todd v. Bakersville,* 712 F.2d 70, 74 (4th Cir. 1983); *Rogers v. Isom,* 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").

Construing Plaintiff's complaint liberally, it is clear that his claim is barred by the statute of limitations. Plaintiff's claim arises out of an incident occurring on August 5, 1998, or shortly thereafter, which is well beyond the three-year statute of limitations that applies in this case. *See* S.C. Code Ann. § 15-3-530 (1988). The Court can anticipate clearly apparent affirmative defenses and refuse to issue process under § 1915 in order "to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324. Clearly, this case must be dismissed to prevent undue hardship or expenditure on the part of prospective Defendants.

Lastly, Plaintiff, in his objections, argues that the Court failed to allow him to amend his complaint to include slavery, defamation, and Eighth Amendment violations. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a). However, a court may deny a party's motion to amend if

6

allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510-11 (4th Cir. 1986); *see also Rambus, Inc. v. Infineon Tech., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004)*; Robinson v. GEO Licensing Co., L.L.C.*, 173 F. Supp. 2d 419, 423 (D. Md. 2001).

In this case, Plaintiff's claim is "clearly insufficient or frivolous on its face," and Plaintiff's motion to amend is denied because allowing such amendment would be futile. Plaintiff makes no factual allegations in his complaint that could substantiate his claims for the imposition of cruel and unusual punishment in violation of the Eighth Amendment, slavery, or defamation of character. While the Court, in evaluating the Plaintiff's *pro se* claim, must do so liberally, *Gordon v. Leake,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon,* 439 U.S. 970 (1978), the Court cannot ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district. *Weller v. Dep't. of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990). As such, the allegations in the amended complaint are "clearly insufficient or frivolous on its face," and the motion to amend is denied.

## **CONCLUSION**

For the foregoing reasons, the Court adopts in full the recommendation of the Magistrate Judge and **ORDERS** that Plaintiff's claim for relief under 42 U.S.C. § 1983 is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**January 28, 2010**